JSG

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3890 | **DATE** | 8/19/2002 |
| **CASE TITLE** | Citibank v. Ted R. Spatafora | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum and opinion order, the Bankruptcy Court's decision is reversed and the case is remanded to the Bankruptcy Court for proceedings consistent with this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | AUG 2 1 2002 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| mds(lc) | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| CITIBANK (NORTH DAKOTA) N.A., | ) |
| | ) U.S.B.C. No. 99 B 12196 |
| Appellant, | ) |
| | ) U.S.D.C. No. 00 CV 3890 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| TED R. SPATAFORA, | ) |
| | ) |
| Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

Before this Court is Citibank's appeal from the Bankruptcy Court's determination that Citibank could not enforce unanswered requests to admit against Ted R. Spatafora ("Spatafora") and from its subsequent discharge of Spatafora's debt to Citibank. This Court has jurisdiction to determine this bankruptcy appeal pursuant to Title 28, Section 158(a)(1) of the United States Code. For the following reasons, this Court reverses the Bankruptcy Court's decision and the case is remanded to the Bankruptcy Court for proceedings consistent with this opinion.

### Statement of the Issues Presented

The two issues on appeal are (1) whether the bankruptcy court erred in not deeming admitted the requests to admit Citibank served upon Spatafora and that he failed to answer, and (2) whether the bankruptcy court erred in determining that Spatafora's indebtedness to Citibank was dischargeable.

1

## Applicable Standards of Review

A bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. In re Smith, 286 F.3d 461, 464-65 (7th Cir. 2002). Where both the relevant law and the specific facts are clear, and the job of the bankruptcy court was to apply the law to the facts of the case, this Court reverses that court's conclusion only if clearly erroneous. Union Planters Bank, N.A. v. Connors, 283 F.3d 896, 899 (7th Cir. 2002).

## Background

Spatafora filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Northern District of Illinois on April 16, 1999. On July 21, 1999, Citibank filed a Complaint to Determine Dischargeability. Citibank subsequently filed an amended complaint on July 27, 1999. Spatafora did not file a responsive pleading and he also did not respond to Citibank's Requests to Admit. Citibank moved the Bankruptcy Court for a finding of default and entry of default judgment against Spatafora. On May 26, 2000, a prove-up hearing was held and Citibank submitted evidence in support of its claim that the debt that Spatafora incurred is excepted from discharge under 11 U.S.C. § 523(a)(2)(A) as a debt incurred through false pretenses or representations, or actual fraud. Citibank's evidence consisted of the uncontroverted facts as set out in the bankruptcy court record, the complaint and exhibits appended to it, a letter from Spatafora to Citibank's counsel dated August 25, 1999, and purported admissions based on unanswered Requests to Admit served under Federal Rule of Bankruptcy Procedure 7036(a) and (d).

The Bankruptcy Court acknowledged that Spatafora "has been served, has failed to appear and defend the complaint, and that he is in default," Citibank v. Spatafora, No. 99 A 898,

2

slip op. at 2 (Bankr. N.D. Ill. June 6, 2000), but it identified two threshold issues dispositive of Citibank's claim. These issues were: (1) whether failure to appear and defend in an adversary proceeding automatically results in a judgment for the plaintiff, and (2) whether requests to admit that were served can be deemed admitted against a defaulting debtor/defendant. As to the first issue, the court determined that failure to appear and defend in an adversary proceeding does not result automatically in a judgment for the plaintiff. Stating that, while generally "a default constitutes admission as to liability," the Bankruptcy Court explained that the default rule is limited in certain circumstances; namely, where there are insufficient facts to support a cause of action. Id. at 3. The court then iterated that it examines claims under § 523 for substantial evidence that an actual fraud occurred before granting a motion for default judgment. Id. at 4.

As to the second issue, the Bankruptcy Court held that Citibank may not invoke Federal Rule of Bankruptcy Procedure 7036, which incorporates Federal Rule of Civil Procedure 36, against Spatafora, the party in default, to establish its proof. The court stated that "[w]hether a plaintiff can permissibly propound discovery of a defendant in default is not addressed in the rules, but logic suggests that absent extraordinary circumstances not presented here, it would be inappropriate to do so." Id. As a result, the Bankruptcy Court did not deem admitted the unanswered Requests to Admit and excluded them from evidence. The court then made its findings of fact, ultimately concluding that Spatafora's debt to Citibank was dischargeable.

## Discussion

Citibank argues that the Bankruptcy Court erred in (1) not deeming admitted the unanswered requests to admit that Citibank served upon Spatafora and (2) discharging Spatafora's indebtedness to Citibank. This Court addresses each issue in turn.

3

I.  Unanswered Requests to Admit

The Bankruptcy Court's determination that unanswered requests to admit do not have to be deemed admitted against a defaulting defendant is a conclusion of law and is therefore reviewed *de novo*. Bankruptcy Rule 7036 provides that Federal Rule of Civil Procedure 36 operates in bankruptcy proceedings. Rule 36(a) provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted.[1] Further, Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact. See Decos v. Jojo Motors, Inc., 2002 WL 598520, at *2 (N.D. Ill. Apr. 18, 2002) citing In re Carney, 258 F.3d 415, 419 (5th Cir. 2001) (collecting cases); Cf. Playboy Enters., Inc. v. Welles, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999) (holding that "[r]equests for admissions cannot be used to compel an admission of a conclusion of law"); Kosta v. Connolly, 709 F.Supp. 592, 594 (E.D. Pa. 1989) (suggesting that Rule 36 should not be employed to establish facts that are obviously in dispute).

Citibank argues that the Bankruptcy Court's ruling that "absent extraordinary circumstances," it "would be inappropriate" for a plaintiff to propound discovery upon a defendant in default is contrary to law. This Court agrees. The Bankruptcy Judge did not cite any authority for her novel exception to Rule 36. In contrast, there is a plethora of bankruptcy

---

[1] Rule 36(a) states in pertinent part:
A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.....

The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter....

4

cases where unanswered requests to admit have been deemed admitted. See, e.g., In re Kenny, 276 B.R. 579, 580-81 (Bankr. S.D. Ohio 2002); In re Jacobs, 196 B.R. 429, 431 (Bankr. N.D. Ind. 1996); In re Silverman, No. 98 A 02064, 1999 WL 326328, at *5-6 (Bankr. N.D. Ill. May 18, 1999); In re Midway Airlines, Inc., No. 94 A 0107, 1995 WL 442202, at *2 (Bankr. N.D. Ill. July 11, 1995).

The Bankruptcy Court illustrated In re Sziel, 209 B.R. 712 (Bankr. N.D. Ill. 1997) ("Sziel II") as an example of a case in which the court declined to rely on deemed admissions of a defaulting defendant. In Sziel II, a credit card issuer brought an adversary proceeding against a Chapter 7 debtor, seeking determination that credit card debt was nondischargeable for fraud. Id. The debtor failed to defend the action, and the issuer moved for default judgment. Id. The court refused to deem admitted some of the unanswered requests to admit, finding that they were conclusory and were used to compensate for the lack of any evidence of the debtor's intent to defraud the plaintiff. Id. at 713. As the Sziel II court pointed out, the debtor's intent to defraud the plaintiff was the central issue, and the requests improperly included a conclusory statement of that intent. Id.

Unlike the court in Sziel II, the Bankruptcy Court in this case did not address the substance of Citibank's Requests to Admit. Rather, the court summarily declined to deem admitted the Requests without explaining why they were inappropriate. As it is entirely proper under Rule 36 to deem admitted unanswered requests to admit--in fact, the Rule mandates it *without* any presence of "extraordinary circumstances," the Bankruptcy Court erred in summarily deciding not to deem admitted Citibank's Requests. While the Bankruptcy Court may have had good reason to exclude these particular Requests, she should have explained why they should not

be deemed admitted in this case rather than create a categorical exception to Rule 36. This Court therefore remands this case to the Bankruptcy Court with instructions to deem admitted Citibank's Requests, unless it finds (and explains) why they are inappropriate Requests under Rule 36.

II. Discharge of Indebtedness

Citibank also appeals the Bankruptcy Court's determination that Spatafora's debt was dischargeable. Because this Court is remanding the case, it does not reach the merits of this issue at this time.

## Conclusion

For the foregoing reasons, the Bankruptcy Court's decision is reversed and the case is remanded to the Bankruptcy Court for proceedings consistent with this opinion.

**Enter:**

_____

**David H. Coar**

**United States District Judge**

**Dated: August 19, 2002**